# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**P.R.G. PARKING MANAGEMENT, L.L.C.,**

,

                **Plaintiff,**

**-vs-**                                          **Case No.  6:07-cv-311-Orl-28UAM**

**PARK, BARK & FLY, LLC, AIRPORT PARKING, LLC, ROBERT L. STOUT, PETER D. MADISON, RICHARD G. HARRINGTON, ,**

                **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 34)**
>
> **FILED:**      **July 23, 2007**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On July 23, 2007, Defendants filed a motion to compel, stating that Plaintiff had not yet provided any documents responsive to Defendants' First Request for Production of Documents, served on Plaintiff's counsel on April 27, 2007. *See* Doc. No. 34. Defendants' counsel certified compliance with Local Rule 3.01(g), and asked the Court to award fees and costs incurred in filing the motion to compel. *Id.* at 4.

After Defendants filed their motion to compel, Plaintiff produced "all documents in its possession that are responsive to Defendants' requests." Doc. No. 35 at 5. Plaintiff produced these documents almost two months past the deadline; did not "organize and label [the documents produced] to correspond with the categories in the request[s]" (Fed. R. Civ. P. 34(b)(i); *see also* doc. no. 35 at 3-5); and was reluctant to confirm which documents were responsive to each request or that no documents exist for a given category (*see* doc. no. 35 at 4-5). Plaintiff seeks attorney's fees and costs related to filing its response to the motion to compel, arguing that Defendants' motion was unnecessary because prior to July 23, 2007, Plaintiff's counsel had already informed Defendants' counsel that the documents would be produced on or before July 27, 2007. *See* Doc. No. 3 at 5, 10.

Defendants' motion to compel production of documents is **GRANTED** in part. Within five days of the date of this order, Plaintiff's counsel shall produce all documents responsive to Defendants' First Request for Documents within Plaintiff's possession, custody, or control in accordance with the procedures required by Federal Rule of Civil Procedure 34(b). If Plaintiff has already produced all responsive documents or made sufficient objections to a given request under Rule 34(b), then Plaintiff's counsel shall confirm to Defendants' counsel that Plaintiff has produced all responsive documents within Plaintiff's possession, custody, or control. If Plaintiff did not clearly organize or label the documents produced, Plaintiff's counsel shall inform Defendants' counsel which documents are responsive to each request, also within five days of the date of this order.

Finally, it is apparent that Plaintiff's counsel and Defendants' counsel are not making lengthy and good faith efforts to resolve discovery disputes without unnecessarily involving the Court.

Accordingly, both parties' requests for attorney's fees and costs related to this discovery dispute are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties